Lilly v State of New York
2026 NY Slip Op 03270
May 26, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Keith Lilly, Plaintiff-Respondent,
v
The State of New York, Defendant, Edward Gibbs, Defendant-Appellant.

Decided and Entered: May 26, 2026
Index No. 155539/24|Appeal No. 6720|Case No. 2025-01852|
Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Higgitt, JJ.

Phillips Lytle LLP, Buffalo (Craig R. Bucki of counsel), for appellant.
Bantle & Levy LLP, New York (H. David Krauss of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about March 26, 2025, which denied appellant's motion to dismiss the complaint, unanimously modified, on the law, to dismiss the causes of action for aiding and abetting disability discrimination in violation of the New York State Human Rights Law (the third cause of action) and aiding and abetting disability discrimination under the New York City Human Rights Law (the fifth cause of action), and otherwise affirmed, without costs.
Supreme Court correctly determined that at the prediscovery stage of the litigation, the complaint sufficiently alleges that appellant, a member of the state Assembly, is amenable to suit in Supreme Court for disability discrimination under the New York State Human Rights Law (Executive Law § 296) (the State HRL), the City Human Rights Law (Administrative Code of City of NY § 8-107) (the City HRL), and the Family and Medical Leave Act of 1993 (the FMLA) (29 USC § 2601 et seq.) (see Emengo v State of New York, 143 AD3d 508, 509 [1st Dept 2016]; see also Milord-Francois v New York State Office of the Medicaid Inspector Gen., 635 F Supp 3d 308, 324-325 [SD NY 2022]; cf. Ajoku v New York State Off. of Temporary & Disability Assistance, 198 AD3d 437, 437-438 [1st Dept 2021], lv denied 38 NY3d 908 [2022]). We decline to consider appellant's argument that he is not an "employer" under these statutes, as that argument was raised for the first time in his reply papers in Supreme Court (see Panasia Estate, Inc. v Glazer, 231 AD3d 550, 551 [1st Dept 2024]).
In addition, the complaint sufficiently alleged causes of action under the State and City HRLs, as plaintiff claimed that he suffers from diabetes, that he was hospitalized as a result of this condition in July 2023, and that he was terminated a few days after informing appellant that he would need to remain in the hospital for a while to undergo treatment for his left foot. These allegations, which link the disability with the adverse employment action, state a prima facie case of disability discrimination (see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 834 [2014]). Plaintiff also adequately alleged disability discrimination under a theory of failure to accommodate under the State and City HRLs, as he alleged that he informed appellant of his need for time off and that appellant failed to engage in an interactive dialogue with him in an attempt to reach some reasonable accommodation (see Estate of Benitez v City of New York, 193 AD3d 42, 47-49 [1st Dept 2021], lv denied 37 NY3d 906 [2021]; see also D'Amico v City of New York, 159 AD3d 558, 558 [1st Dept 2018]).
[*2]
Furthermore, plaintiff stated a cause of action for FMLA interference by alleging that it was immediately apparent that he would need a prolonged medical leave of absence and was terminated only a few days before he was eligible to take FMLA leave (see e.g. Shultz v Congregation Shearith Israel of the City of New York, 867 F3d 298, 307 [2d Cir 2017]; see e.g. Pereda v Brookdale Senior Living Communities, Inc., 666 F 3d 1269, 1275 [11th Cir 2012]).
However, Supreme Court should have dismissed plaintiff's causes of action for aiding and abetting violations of the State and City HRLs. Appellant is the only one alleged to have engaged in discriminatory conduct, and he may not be held liable for aiding and abetting his own violations of the State and City HRLs (see Hardwick v Auriemma, 116 AD3d 465, 468 [1st Dept 2014], lv denied 23 NY3d 908 [2014]).
Supreme Court correctly denied appellant's request to strike the allegation in the complaint that he viewed plaintiff as "damaged goods" and "callously terminate[d] [plaintiff] in the midst of [a] health crisis," as the allegation is relevant to the question of whether appellant acted with discriminatory intent when he terminated plaintiff's employment (see New York City Health & Hosps. Corp. v St. Barnabas Community Health Plan, 22 AD3d 391, 391 [1st Dept 2005]; see also Irving v Four Seasons Nursing & Rehabilitation Ctr., 121 AD3d 1046, 1048 [2d Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 26, 2026